## ROBERTS *v.* PHŒNIX LIFE INSURANCE COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

Argued January 12, 13, 1887. — Decided Janury 24, 1887.

In a suit in equity by a wife against a life insurance company and her husband, in the Circuit Court of the United States in Kentucky, to recover, as assignee of her husband by a written assignment, the amount insured by a policy issued by the company in favor of the husband and his assigns, on the life of a debtor of his, for $20,000, the husband having, after the date of such assignment and before the death of the debtor, delivered the policy to the company, with a written assignment by him to it, indorsed on the policy of "all right and title to the within policy," and expressing a consideration of $4000, and received the $4000, the Circuit Court having dismissed the bill, this court, on appeal, affirmed the decree, on the ground that the assignment to the wife was not satisfactorily proved to have been made or delivered before the transaction between the husband and the company.

*Mr. Marc. Mundy* and *Mr. Samuel Shellabarger* for appellant.

*Mr. Augustus E. Willson* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

On the 27th of August, 1872, the Phœnix Mutual Life Insurance Company, of Hartford, Connecticut, a Connecticut

corporation, issued a policy, No. 66,488, whereby, in consideration of the representations made to them in the application for the policy, and the sum of $1024 to it duly paid "by A. B. Cook, creditor," and of the annual payment of a like amount on or before the 27th day of August in every year during the continuance of the policy, it assured the life of William G. Harvison, of Louisville, Kentucky, in the amount of $20,000, for the term of his natural life, the amount of the insurance to be paid, after the death of Harvison, "to the said A. B. Cook, creditor, and his executors, administrators, or assigns," "any indebtedness to the company on account of this policy being first deducted therefrom." The policy was in force at the death of Harvison, which occurred August 25, 1880. Fannie M. Cook, the wife of said A. B. Cook, both of whom resided at Louisville, Kentucky, commenced a suit in March, 1881, in a state court of Kentucky, against the company, to recover on the policy $17,340, with interest, being the amount of the policy, less certain premium notes. She based her claim to recover on a written assignment, which she alleged had been executed by her husband, A. B. Cook, and delivered to her, on the 19th of September, 1872, twenty-three days after the date of the policy, and which was in these words :

"This instrument of writing certifies that the policy No. 66,488 I have taken out on the life of Wm. G. Harvison, for twenty thousand ($20,000) dollars in the Phœnix Mutual Life Insurance Company, of Hartford, Connecticut, was taken out by me for the sole benefit of my wife, Fannie M. Cook ; and I hereby declare that the above-mentioned life policy of $20,000, and the money secured thereby, is given and assigned to my said wife as separate estate, and shall continue to be the separate estate of my said wife ; and whether the said Harvison dies before or after me, my said wife shall have and receive and hold said money as her separate estate and for her separate and sole benefit, to dispose of as she may think proper.

"Witness my hand this 19th day of September, 1872, at Louisville, Ky.                    A. B. COOK."

The suit was removed into the Circuit Court of the United States for the District of Kentucky, where the plaintiff filed a bill in equity making the company and A. B. Cook defendants, and praying judgment against the company for the $17,340 and interest. The company answered, setting up various defences, on which issue was joined. A. B. Cook also answered. On a hearing on proofs, the court dismissed the bill, without delivering any opinion, oral or written. The plaintiff appealed to this court. She has since died, and her executrix has been substituted as plaintiff.

It appears, by the proofs, that A. B. Cook, on the 14th of June, 1880, and before Harvison's death, received from the company $4000, and delivered to it the policy and the following instrument, signed by him, indorsed on the policy :

"LOUISVILLE, KY., June 14, 1880.
"I hereby sell, transfer, and assign to the Phœnix Mut. Life Ins. Co. of Hartford, Conn., all right and title to the within policy on the life of W. G. Harvison, in consideration of the sum of four.thousand dollars in hand paid, by draft on the said Co., and a return of the premium notes.
                                       A. B. COOK."

Among the defences set up and urged by the defendant were: (1) that A. B. Cook, who was a witness for his wife, was not a competent witness for her under the statutes of Kentucky; (2) that no assignment of the policy by A. B. Cook to his wife was ever in fact executed and delivered; (3) that Fannie A. Cook had no insurable interest in the life of Harvison, and, therefore, could not become assignee of the policy; (4) that the statement in the application for the policy, that Harvison was not addicted to the habitual use of spirituous liquors was untrue; (5) that after the policy was issued the habits of Harvison became, as to the use of spirituous liquors, so far different from his habits as to such use represented in the application, as to make the risk more than ordinarily hazardous.

Without considering any of the other questions raised, we

are of opinion that, as a matter of fact, and even conceding that A. B. Cook was a competent witness, the assignment by him to his wife is not satisfactorily proved to have been made or delivered prior to the transaction of June 14, 1880. The evidence on that point is conflicting, and it would not be profitable to discuss it in detail. As the suit cannot be maintained without proof of the assignment,

*The decree is affirmed.*